JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   10 CIV 2831

GINA ROBERTELLO VALADE and DAVID VALADE                           **COMPLAINT**

                      Plaintiffs,      **JURY TRIAL DEMANDED**

-AGAINST-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER EVRODY SEIDE and
POLICE OFFICERS JOHN AND JANE DOE #1 – 10,
Individually and in their official capacities (the names John and
Jane Doe being fictitious, as their true names are presently
unknown),

                      Defendants.
------------------------------------------------------------x

Plaintiffs Gina Robertello Valade and David Valade, by their attorneys, POWELL CAMPBELL PRIVETERRE, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiffs seek relief for the violation of their constitutional rights as secured by 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. Plaintiffs' claims arise from an incident that occurred on April 11, 2009, in which Officers of the New York City Police Department (hereinafter "the NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, <u>inter alia</u>, false imprisonment, false arrest, excessive force, malicious prosecution and unauthorized strip-search.

3. Plaintiffs seek to recover monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §§1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally-based claims and causes of action.

6. The amount in controversy exceeds $75,000.00, excluding interest and costs.

## VENUE

7. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C.§1391, (a), (b) and (c) and §§1402(b) because the claims arose in this district and plaintiffs reside in this district.

## PARTIES

8. Plaintiffs Gina Robertello Valade and David Valade are residents of the County of New York, State of New York. Both plaintiffs are citizens of the United States, and at all times relevant herein residents of the County of New York and State of New York.

2

9. The City of New York is a municipal corporation organized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which the City of New York is ultimately responsible.

10. At all times hereinafter mentioned, the individually-named defendant POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN AND JANE DOE #1 – 10 were at all times relevant herein officers, employees and agents of the New York City Police Department.

11. The individual defendants are sued in their individual and official capacities.

12. At all times relevant herein, the individual defendants, either acting alone, acting in concert or conspiring with each other, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notices of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those Notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On April 11, 2009, at approximately 2:00 a.m., plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE hailed a yellow cab at East 29th Street and Park Avenue after leaving a birthday celebration for plaintiff DAVID VALADE.