16. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE directed the driver to take them home to their apartment located at 119 Payson Avenue, New York, New York.

17. After riding in the taxi cab for approximately 5 - 10 minutes, plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE noticed that the cab meter displayed $17.40 as the fare.

18. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE asked the cab driver why the fare was so high since they had only traveled approximately six blocks.

19. When plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE insisted that the cab driver stop the cab to permit them to dispute the fare, the driver reacted belligerently, and then accused the plaintiffs of trying to beat the fare.

20. When the cab driver stopped the car and exited the vehicle, plaintiff GINA ROBERTELLO VALADE telephoned 311 to request the police.

21. When defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10 arrived at the scene, they assaulted and battered plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE and ignored their entreaties to question the cab driver regarding the exorbitant cab fare.

22. Defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10 placed excessively tight handcuffs on plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

23. Defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10 arrested plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE without reasonable suspicion or probable cause, or any reasonable belief that plaintiffs had committed a crime.

24. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE were taken to the 17th Precinct.

25. At the precinct, defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10 subjected plaintiff GINA ROBERTELLO VALADE to a humiliating and terrifying strip-search although the defendant police officers had no reasonable suspicion that plaintiff was secreting contraband.

26. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE were fingerprinted and photographed at the precinct.

27. At the precinct, defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 – 10 removed some of plaintiff GINA ROBERTELLO VALADE's undergarments without her consent and in spite of her protestations.

28. Plaintiff GINA ROBERTELLO VALADE complained to Defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10 that she was cold and hungry, and that she needed to take the prescription pills that were in her purse.

29. Plaintiff GINA ROBERTELLO VALADE was taken to the hospital and returned to the precinct.

30. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE were charged with one count Criminal Mischief in the Fourth Degree and one count Theft of Services.

31. On or about April 12, 2009, plaintiff GINA ROBERTELLO VALADE's case was Adjourned in Contemplation of Dismissal.

32. On or about June 9, 2009, plaintiff DAVID VALADE's case was dismissed.

33. Plaintiff GINA ROBERTELLO VALADE was detained for approximately 36 hours.

34. Plaintiff DAVID VALADE was detained for approximately 24 hours.

35. Plaintiffs' GINA ROBERTELLO VALADE and DAVID VALADE arrest was the result of false information provided by defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10.

36. In October 2009, plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE were interviewed by an Investigator from the Internal Affairs Department regarding their arrest and the police misconduct exhibited towards plaintiffs by defendants POLICE OFFICER EVRODY SEIDE and POLICE OFFICERS JOHN and JANE DOE #1 - 10. Said Internal Affairs Department investigation is still pending.

37. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE continue to experience trauma and emotional distress caused by the continuing Internal Affairs Department investigation.

38. As a result of the foregoing, plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE sustained the following injuries:

   a. Violation of their civil rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their persons;

   b. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   c. Physical pain and suffering, requiring the expenditure of money for treatment;

   d. Emotional trauma and suffering, including fear, embarrassment and humiliation;

   e. Loss of liberty; and

   f. Attorney's fees and court fees.