59. Defendant police officers used excessive, unjustified and unnecessary force against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

60. Defendant police officers' use of excessive force against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

61. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage the use of excessive force, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE to be battered and to sustain physical injuries.

62. As a result of the above-described deliberate choices, policies and customs, GINA ROBERTELLO VALADE and DAVID VALADE suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiffs' life.

### FIFTH CAUSE OF ACTION

63. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

64. Defendant police officers misrepresented and falsified evidence to the District Attorney's Office about plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

65. Defendant police officers were directly and actively involved in the initiation and continuation of the criminal proceedings against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

66. Defendant police officers acted with malice in initiating criminal proceedings against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

67. Defendant police officers lacked probable cause to continue criminal proceedings against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.

68. Defendant police officers' involvement in the malicious prosecution against plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

69. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage malicious prosecution, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE to suffer through perjurious and fraudulent criminal proceedings.

70. As a result of the above-described deliberate choices, policies and customs, GINA ROBERTELLO VALADE and DAVID VALADE suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiffs' life.

## SIXTH CAUSE OF ACTION

71. Plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

72. Defendant New York City is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names are presently unknown.

73. Defendants arrested and incarcerated plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that plaintiffs' arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

74. The acts complained of were carried about by the defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

75. The acts complained of were carried out by the defendants, who acted under color of law, in their capacities as police officers and officials pursuant to the customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

76. Defendant New York City knew or should have known of its employees', agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

77. The foregoing customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs GINA ROBERTELLO VALADE and DAVID VALADE.